IN THE SUPERIOR COURT
OF GUAM

RONI S. SELLMAN,                    )          Domestic Case no. DM 0802-09
                                    )
                Plaintiff,          )
                                    )
        v.                          )
                                    )          **DECISION AND ORDER**
                                    )          re: Motion for Contempt
JAMES D. SELLMAN,                   )
                                    )
                                    )
                Defendant.          )
_____

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on May 18, 2012. The Plaintiff was represented by Attorney Thomas J. Fisher. The Defendant was represented by Attorney Daniel S. Somerfleck. After considering the matter presented, the Court issues the following decision and order granting Defendant's motion for contempt.

## BACKGROUND

The instant action arises out of a complaint for legal separation, which was filed by Plaintiff on December 4, 2009. Defendant filed his answer to the complaint and a counterclaim for divorce on December 28, 2009. The Court scheduled trial to start on April 19, 2010. Prior to trial, however, Plaintiff's counsel at the time withdrew from representing the Plaintiff. Trial was thus postponed to give Plaintiff the opportunity to obtain new counsel.

The parties have continuously appeared before the Court for hearings and new trial dates set. Each time, the plaintiff has requested a continuance either because it conflicted with medical appointments or she was unavailable. Trial has been set no less than four times and each time, plaintiff requested a continuance. Defendant sought to dismiss the Plaintiff's Complaint for Separation and enter judgment for Divorce on May 12, 2011 and once again,

plaintiff requested a continuance. The matter was reset to June 2, 2011 and the plaintiff, after filing yet another Motion to Continue the hearing on May 23, 2011, failed to show. As shown in her May 23, 2011 Motion to Continue, the plaintiff had notice of the June 2, 2011 hearing. The Court granted Defendant's request and entered judgment in favor of Defendant for a divorce. On July 7, 2011, the Court issued a final decree of divorce.

## DISCUSSION

The Guam Supreme Court re-affirmed the elements that a court is to consider when it determines whether a party in a civil action has acted in contempt of one of its orders. *Lamb v. Hoffman*, 2008 Guam 2 § 44. These elements are: "1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." *Id.* The *Hoffman* court explained that in a civil action like divorce Guam's contempt statute provides that "Any person found guilty of a contempt of court pursuant to § 34102(b) is subject to the same penalties as a person found guilty of a petty misdemeanor." *Id.*, citing, 7 GCA § 34101(b). The court further explained that, Section 80.34 of Title 9 of the Guam Code provides that if convicted of a petty misdemeanor, "the court shall set a definite term not to exceed sixty (60) days." 9 GCA § 80.34(b).

The Guam Supreme Court has not determined what a proponent's burden of proof is in a civil contempt action. However, a quick review of the Federal Circuit courts reveals that they generally have held that, "the moving party has the initial burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *U.S. v. Ford*, 514 F.3d 1047 1051, (10th Cir. 2008); *U.S. v. Saccoccia*, 354 F.3d 9, 14 (1st Cir. 2003)(in a civil contempt proceeding, clear and convincing evidence would be required); *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)(In the context of civil contempt, the clear and convincing standard requires

a quantum of proof adequate to demonstrate a "reasonable certainty" that a violation occurred). A non-moving party in a civil contempt proceeding as an affirmative defense may assert a present inability to comply with the order in question. *U.S. v. Rylander*, 460 U.S. 752, 757 (1983). The US Supreme Court has held that, "[w]hile the court is bound by the enforcement order, it will not be blind to evidence that compliance is now factually impossible." *Id*. The Guam Supreme Court in 2003 held that the affirmative defense of inability to comply must be proven by a preponderance of the evidence. *Rodriguez v. Rodriguez*, 2003 Guam 8, ¶ 18.

Plaintiff submits she had no adequate notice that the hearing held on June 2, 2012 was to determine a resolution of Defendant's counterclaim. She was not noticed of the action against which she was to defend. "Notice and opportunity to be heard are requisites of the constitutional guarantee of due process" *Mullance v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, (1950). On May 23, 2011 Plaintiff submitted a Motion to Re-Schedule the Hearing on June 2, 2012. The Court finds this document as sufficient evidence Plaintiff did have notice of the hearing. With notice, Plaintiff could have easily inquired further as to the action which she was to defend through email or phone. This Court finds Plaintiff did have notice.

This Court is well informed of Plaintiffs financial situation and work schedule. However, it is not the responsibility or the duty of the Court to cater to Plaintiff's convenience. While the Court is sympathetic towards the Plaintiffs situation, it appears that this is not the first time Plaintiff has requested to re-schedule hearings. From the beginning, and especially after the Court granted temporary spousal support, it is evident the plaintiff has continuously sought to extend this matter as long as possible.

On May 20, November 15, and December 2 of 2010, the Court postponed and/or continued the trial due to Plaintiff's lack of representation. On December 16, the Court received a request to reschedule trial hearings on January 25 and February 7 due to conflicts with work

schedule. Plaintiff was then off island from December 18 till January 16, 2011 for medical consultation and missed the hearing on February 2, 2011. On February 4, 2011 Plaintiff again request for rescheduling of the hearing due to medical consultations and failed to appear at the February 8 2011 hearing. This Court finds a pattern by the Plaintiff, due to no fault of the Defendant, of not showing up to hearings and re-scheduling to the Plaintiff's convenience.

Defendant submits Plaintiff knew of the hearing and willfully failed to comply with the orders set forth in the Final Decree of Divorce on July 7, 2011. Plaintiff has taken the parties tax return, failed to engage in the sale of the property, and failed to make payment on community debt. This Court agrees and holds Plaintiff in Contempt.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's Motion for Contempt. A hearing for sanctions shall be heard on November 5 , 2012, at 9:00 am

SO ORDERED, this 5 day of October 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true, and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

OCT 5 2012

James R. Borja
Clerk, Superior Court of Guam